### AINSWORTH v. SESSIONS.

A new trial is granted where the party is deprived of the testimony of a material witness, by his being disconcerted and losing his recollection from some cause or other not to be accounted for.

PETITION for a new trial, upon the ground that one Payne, who was relied upon as a principal witness in the cause through surprise or some unaccountable cause, was so dis-

concerted and confused in his evidence, that neither court nor jury could understand him, whereby the petitioner lost his case, and that said Payne is now able to testify in the clearest manner, which will give the case to the petitioner, and states what he will testify.

Plea in abatement — That said Payne is not a new evidence, and to grant new trials upon the after recollection and additional testimony of former witnesses, would open too wide a door, and be of dangerous consequence.

Plea judged insufficient.

By the COURT. Although the objection in the plea is conclusive in all cases where it applies; but where a party is deprived of his most material evidence by some unaccountable ·cause, as by being panic struck, or by a paralytic shock, or other affection which for that time, has deranged the recollection of the witness so that the party loses the benefit of his testimony; this appearing clearly to be the case, reason and justice require that the party should be relieved against such a misfortune, by a new trial, as much as when he is deprived of his evidence by sickness or absence; but in such cases the court ought to be extremely cautious, that they be not imposed upon; this case was afterwards heard upon the merits, and a new trial granted.